## MANRY v. McCALL. (No. 1900.)

Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1929.

Rehearing Denied Dec. 11, 1929.

S. H. German, of Houston, O. S. Parker, of Beaumont, and E. B. Pickett, Jr., of Liberty, for appellant.

W. N. Foster, of Conroe, Nelson Phillips, of Dallas, S. A. Crawford, of Conroe, Black & Graves, of Austin, and Jno. D. McCall, of Conroe, for appellee.

HIGHTOWER, C. J. This suit was filed in the district court of Montgomery county by appellant, Hon. J. L. Manry, against appellee, Hon. S. A. McCall, to recover the title to and possession of the office of district judge of the Ninth judicial district. The trial resulted in a judgment denying to appellant the relief sought and in favor of appellee for the title and possession of the office involved, and appellant has duly prosecuted an appeal from that judgment to this court.

The facts underlying this controversy are undisputed, and we think that they are fairly stated, as far as the statement goes, by counsel for appellant in their brief. This statement shows that at the general election in November, 1924, appellant was elected to the office of judge of the Ninth judicial district. At that time that district was composed of the counties of Hardin, Liberty, Polk, San Jacinto, and Montgomery. The Seventy-Fifth judicial district at that time was composed of the counties of Chambers, Liberty, Hardin, Montgomery, and Tyler. It will be observed from this that Hardin, Liberty, and Montgomery counties were in each of these districts. The Eightieth judicial district at that time was composed of the counties of Harris and Waller. The Legislature, by an act approved March 30, 1925, being chapter 166, page 378, Laws of 1925, reorganized the three judicial districts named, in the following manner: Hardin and Liberty counties were taken out of the Ninth district, and that district was so changed as to be thereafter composed of the counties of Polk, San Jacinto, Montgomery, and Waller. Montgomery county was taken out of the Seventy-Fifth district, and that district was so reorganized as to be thereafter composed of Liberty, Hardin, Chambers, and Tyler counties. Waller county was taken out of the Eightieth district, and that district was left composed of only the county of Harris. Section 5 of the act, reorganizing these judicial districts, as just shown, reads as follows: "The present judges of the Ninth, and Seventy-fifth Judicial Districts as the same now exist, shall remain the district judges of their respective districts as reorganized under the provisions of this Act, and shall hold their offices until the next general election and until their successors are appointed or elected and duly qualified, and they shall receive the same compensation as is now, or may hereafter be provided by law for district judges, and a vacancy in either of said offices shall be filled as is now, or may hereafter be provided by law, and the present judge of the district court for the Eightieth Judicial District shall hold his office until his term expires and until his successor is elected and qualified, and a judge of said court shall hereafter be elected at the time and in the manner provided by law by the qualified voters of Harris County."

In February, 1926, appellant, who was then judge of the Ninth judicial district, as reorganized, obtained a ruling from the Attorney General's department of this state to the effect that section 5 of the act, above mentioned, was valid, and that it required an election of a judge of the Ninth judicial district at the general election to be held in November of that year. In conformity with this ruling of the Attorney General's department, and in obedience to section 5 of the act, as just quoted, appellant became a candidate before the Democratic primary in 1926 for the office of district judge of the Ninth judicial

district and was nominated for that office, and at the general election in November following he was elected without opposition. A certificate of election, in proper form, was duly issued to him, and on January 8, 1927, the Governor of the state commissioned him as judge of the Ninth judicial district. Thereafter appellant continued to exercise all the rights, privileges, and powers of his office until after the general election in 1928. In May, 1928, the Attorney General's department of this state, in response to an inquiry from appellant, ruled that his election to the office of district judge of the Ninth judicial district in 1926 was void, and that his term of office would expire in 1928.

In 1928 appellant and appellee were opposing candidates before the Democratic primary of that year for nomination to the office of district judge of the Ninth judicial district, and appellee received the highest number of votes in that contest and was duly declared the Democratic nominee for the office of district judge of the Ninth judicial district, and his name was placed on the official ballot as a candidate for that office at the general election in 1928, and he received the highest number of votes cast at that election for the office of district judge of the Ninth judicial district. Only a short time before this suit was filed (the delay being occasioned by proceedings hereinafter mentioned) a certificate of election in due form was issued to appellee as judge of the Ninth judicial district, and he was thereupon duly commissioned by the Governor of the state as judge of that district, and assumed the office and entered upon the discharge of the duties thereof, and has continued to occupy the office and discharge its duties since that time.

But before a certificate of election could be prepared and issued to appellee after the general election in November, 1928, appellant filed a suit in the district court of Montgomery county against appellee, praying for a writ of injunction enjoining appellee from receiving a certificate of election as judge of the Ninth judicial district and from asking for or receiving a commission from the Governor as judge of that district. While this injunction suit was pending in the district court of Montgomery county, the state of Texas, acting by its Attorney General, on the relation of Hon. S. A. McCall, complaining of Hon. J. L. Manry and others, filed a quo warranto proceeding in the Supreme Court of this state, the purpose of the quo warranto proceeding being to obtain a judgment in the Supreme Court ousting Judge Manry from the office of district judge of the Ninth judicial district and declaring Hon. S. A. McCall the duly elected and qualified judge of that district and putting him in possession of that office. For a full and complete statement of the issues and questions involved in the quo warranto proceedings and the result thereof, as well as a full and complete statement of the injunction suit filed by Judge Manry against Judge McCall in the district court of Montgomery county, we refer to the opinion of the Commission of Appeals, adopted by the Supreme Court in that case, styled State ex rel. McCall v. Manry et al., and which is reported in 16 S.W.(2d) pages 809, 812.

Under the undisputed facts, as we have stated them above, learned counsel for appellant in this case have advanced in their brief seven propositions as reasons why the trial court's judgment in this case should be reversed and rendered. In order that there may be no misunderstanding of these contentions made by counsel for appellant, we have thought it best to let this opinion show these propositions just as they are found in appellant's brief. These seven propositions are as follows:

"First. The election of Appellant to the office of Judge of the Ninth Judicial District on November 2, 1926, under which he was commissioned January 8, 1927, for the full term prescribed by the Constitution, to-wit, four years, was a valid election, because held in due and legal form, in accordance with the direct requirements of the Act of the Legislature approved March 30, 1925, and said election was never at any time contested, and its validity could not be brought into question in this proceeding.

"Second. The Act of the Legislature of March 30, 1925, requiring an election to the office of Judge of the Ninth Judicial District at the general election in November, 1926, was valid, because said Act had the legal effect of creating a new judicial district, and under Section 7 of Article 5 of the Constitution the Legislature has power to abolish judicial districts and create new ones, and in doing so has the unquestioned power to shorten the term of office of the judge and require an election at the next general election.

"Third. The Act of the Legislature of March 30, 1925, requiring an election of judge of the Ninth Judicial District at the general election in November, 1926, was valid, even though said Act did not have the legal effect of creating a new district, because Section 7 of Article 5 of the Constitution confers on the Legislature power to legislate with reference to judicial districts, and to change same in such manner as it may desire in order to meet the needs and convenience of the public, and as an incident to this power the Legislature may shorten the term of office of the district judge and its action in doing is not unconstitutional.

"Fourth. The Act of the Legislature of March 30, 1925, requiring an election for judge of the Ninth Judicial District at the general election in November, 1926, was valid because the only limitation contained in the Constitution upon the power of the Legislature to legislate concerning the tenure of office of a district judge is an inhibition implied from the provision that the term of office is

to be for four years, which inhibition was intended to prevent a purposeful encroachment upon the independence of the judiciary; that this inhibition is against direct legislation upon the matter of tenure of office, and does not effect the right of the Legislature to shorten the term of office of a district judge when such legislation is incidental to other legislation which the Legislature has constitutional power to enact. The acts of 1925 clearly manifest an intention and purpose to reorganize the several judicial districts, and to re-constitute them, and to change the times for holding courts, such legislation being manifestly for the purpose of meeting the needs and convenience of the people, and the requirement that the judge of the Ninth District should be elected at the next general election was not only a proper and desirable requirement from the standpoint of public policy, but was merely incidental to the main legislation, and was therefore in no manner prohibited.

"Fifth. The trial court erred in holding the election of Appellant to the office of judge of the Ninth Judicial District on November 2, 1926, null and void, and in holding the Act of the Legislature requiring such election to be unconstitutional and void, because the said Act of the Legislature was admittedly beneficial and favorable to the people of said district and manifestly in behalf of the public interest and welfare, and the only person who was injuriously affected by said act (if anyone) was the Appellant himself; and it is undisputed that he, in obedience to the requirement of the Legislature, submitted himself to said election and waived all right which he may have had to urge the unconstitutionality of said act, and the matter of unconstitutionality being thereby waived the Appellee and no one else could thereafter acquire any right to raise the question of its unconstitutionality or to question the validity of the election held in accordance therewith.

"Sixth. As the Appellee is seeking to establish his right to the office of judge of the Ninth Judicial District as constituted by the Act of 1925, and he cannot accept the benefits of that law so far as title to the office is concerned and at the same time be heard to contend that Section 5 of said law is unconstitutional; especially when it appears that Section 5 is so related to and connected with the other parts thereof as to warrant the belief that the Legislature would not have enacted the law without this section, and therefore if said section is void, the law as a whole is void.

"Seventh. The trial court erred in holding that the purported election of the appellee to the office of judge of the Ninth Judicial District at the general election in November, 1928, was valid, because it was undisputed that when said election was held the Appellant was holding said office under a commission duly issued by the Governor of this State on January 8, 1927, which conferred upon him the title to said office, with all its rights, privileges and emoluments, for a full term of four years from and after November 2, 1926, and there was, therefore, no authority of law for holding said election of November, 1928, and the same was wholly void and could not and did not confer on the Appellee any right or title to said office."

While counsel for the appellee have advanced in their brief several counter propositions under which they contend that the judgment in this case must be affirmed, we deem it unnecessary to refer to or discuss any of them, save the first counter proposition, which is in substance that the decision of the Commission of Appeals in the quo warranto proceeding, referred to supra, and which was adopted as the opinion of the Supreme Court in that proceeding, is decisive of all contentions advanced by appellant for reversal of the judgment in this case adversely to him, and that this court should follow and be governed by that opinion as the opinion of the Supreme Court itself on the legal questions here involved.

After the Supreme Court had permitted the quo warranto proceeding to be filed in that court, the Hon. J. L. Manry, respondent in that proceeding and appellee in this case, was duly cited and filed his answer, which contained a plea to the jurisdiction of the Supreme Court to entertain that proceeding, a plea in abatement on the ground that the injunction suit which had been brought by himself in the district court of Montgomery county against Hon. S. A. McCall was still pending, as well as other pleas touching the merits of the case as involved in the quo warranto proceeding. The Supreme Court referred the quo warranto proceeding to Section A of the Commission of Appeals, and, upon hearing of that proceeding before the Commission of Appeals, the plea to the Supreme Court's jurisdiction interposed by Judge Manry, the respondent, was overruled and the Commission of Appeals, in its opinion, speaking through Judge Critz, in disposing of the questions there involved, among other things, said:

"It seems plain to us that relator McCall is the duly, legally, and constitutionally elected judge of the Ninth judicial district and, as such, is entitled to receive his commission, and take the oath of office, and enter upon its duties.

"We have carefully read and examined the act of the 39th Legislature in question, being chapter 166, General Laws of said Legislature, p. 378. An examination of said act as a whole, including the caption, the body of the act, and the emergency clause, shows clearly that the Legislature did not create any new judicial districts in said act. The act is just exactly what its caption shows it to be—an act to reorganize, not to abolish, said districts, by doing the things shown in the act. If the act operates so as to create a new dis-

trict, then it created a new office, and the part of section 5 thereof which attempted to appoint Judge Manry as judge thereof by legislative action was null and void, as it is not a legislative power to appoint district judges. Such is an executive power and is so expressly by the plain terms of our Constitution. (Citing authorities.) However, as above stated, we do not think that the act created new districts at all, but merely reorganized the old districts.

"It is provided by section 7 of article 5 of the Texas state Constitution that: 'The state shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be elected by the qualified voters thereof, at a general election, a judge, who shall be a citizen * * * who shall hold his office for a period of four years. * * *'

"If the Legislature created no new district, and did not abolish the Ninth district then it follows that Judge Manry having been elected judge of the Ninth district in November 1924 at the general election of that year, for a four-year term, was entitled to such full four-year term under the Constitution and that the part of section 5 of the act of 1925 which attempted to shorten the term and cause a new election in 1926 for such office was in plain violation of the express provision of our Constitution above quoted and is null and void. However, this does not affect the validity of the balance of the act.

"It follows from what we have said that there is no doubt under the Constitution and laws of this state Judge Manry was duly and constitutionally elected judge of said Ninth district in 1924 for a full four-year term, and that, said district not having been abolished, he was entitled to serve out said full term. It further follows that Judge McCall was duly and constitutionally elected to said office in November, 1928, and is now entitled to qualify as such and assume its duties and receive its emoluments."

After announcing the above legal conclusions in the quo warranto proceeding, the Commission of Appeals reached the further conclusion, as shown by the opinion in that proceeding referred to supra, that the Supreme Court should not take further jurisdiction of that proceeding, but that it should be dismissed from the docket of the Supreme Court without prejudice to the parties. The reasons given for the conclusion that the Supreme Court should not take further jurisdiction of the quo warranto proceeding, but should dismiss it without prejudice to the parties, are fully stated in the opinion of the Commission of Appeals and referred to supra, and it would serve no useful purpose to further state those reasons here.

The opinion in the quo warranto proceeding, written by Judge Critz for the Commission of Appeals, bears these notations:

"Nickels, J. I join in the recommendation of dismissal, but I am not prepared to express an opinion touching other matters discussed."

"Cureton, C. J. Opinion of the Commission of Appeals is adopted, and cause dismissed without prejudice, as recommended by the Commission of Appeals."

The judgment entered by the Supreme Court in the quo warranto proceeding reads as follows: "This cause having been referred to the Commission of Appeals for their examination and report, and said Commission having reported in a written opinion by Hon. Richard Critz, Judge of Section A, recommending that this cause be dismissed without prejudice, and said report, together with the record in the cause having been duly considered and the judgment as recommended by the Commission of Appeals having been approved by the court and the opinion of said Commission of Appeals having been adopted by the court, it is, therefore, ordered, adjudged and decreed that the cause being in the nature of quo warranto and petition for ancillary relief, be and the same is hereby dismissed without prejudice. That relator, The State of Texas ex rel. S. A. McCall, pay all costs incurred herein, for which execution may issue."

■ It is clear to us that the decision by the Commission of Appeals of the legal questions presented in the quo warranto proceeding has the effect to dispose of appellant's contentions in this case adversely to him, and that the trial court's judgment should be affirmed if the Supreme Court had jurisdiction of the quo warranto proceeding and if the opinion written by the Commission of Appeals in that proceeding touching the legal questions there presented was adopted as the opinion of the Supreme Court itself. As to whether the Supreme Court had jurisdiction of the quo warranto proceeding, it is not for this court to say. On that point it will suffice for us to say that the Supreme Court did take jurisdiction of the quo warranto proceeding and referred it to the Commission of Appeals, and the plea filed by Judge Manry, the respondent in that proceeding, to the Supreme Court's jurisdiction was expressly overruled. This being true, we must assume that the Supreme Court did have jurisdiction of the quo warranto proceeding, as was expressly decided in the opinion in that proceeding.

But learned counsel for the appellant in this case assert, by way of argument, that the opinion written by Judge Critz in the quo warranto proceeding was purely obiter dicta, and that the opinion written by him was but the opinion of one man and was not the opinion of even the Commission of Appeals, and that the Supreme Court did not intend to adopt that opinion, and in fact did not adopt that opinion, as the opinion of the Supreme Court itself in that proceeding. In answer

to this assertion by counsel, we are constrained to say that we have been unable to find anything in this record sustaining it. On the contrary, we think it is clear from the written notation on the opinion prepared by Judge Critz for the Commission of Appeals, as made by Chief Justice Cureton of the Supreme Court, that that court not only adopted the judgment recommended by the Commission of Appeals, but that the opinion itself, as written by Judge Critz for the Commission of Appeals, was adopted as the opinion of the Supreme Court. Not only was it shown by the notation on the opinion of Judge Critz, as made by Chief Justice Cureton, that the opinion was adopted as the opinion of the Supreme Court itself, but this was further shown in the judgment that was entered by the Supreme Court in the quo warranto proceeding. In that judgment, as we have already quoted it, it was again expressly declared that the opinion of the Commission of Appeals had been adopted, as well as the judgment recommended by them. Furthermore, if it had not been the intention of the Supreme Court to adopt the opinion of the Commission of Appeals, as prepared by Judge Critz, disposing of the legal questions in the quo warranto proceeding, the Supreme Court would most probably have said that only the disposition of the quo warranto proceeding as recommended by the Commission of Appeals was adopted. If such had been the intention of the Supreme Court, it would have been a very easy matter to have said so. It should not be assumed, we think, and we shall not assume, that the Supreme Court of this state carelessly or inadvertently adopted the opinion of the Commission of Appeals disposing of the important legal questions that were involved in the quo warranto proceeding. In that opinion the Commission of Appeals, in unequivocal terms, held that an act of the Legislature (in part) was void because manifestly contrary to the provisions of the Constitution of this state, and surely our Supreme Court, composed of distinguished and experienced jurists, ought to be presumed to have given careful consideration to the legal conclusions reached by the Commission of Appeals on a question of that magnitude before adopting those conclusions, as the Supreme Court did in the quo warranto proceeding. It follows from these conclusions that the trial court's judgment in this case must be affirmed, and we have so ordered.