James M. TOTMAN, Appellant,

v.

CONTROL DATA CORPORATION, a Delaware Corporation, Robert R. Burns and Phillip E. Hartliep, Appellees.

No. 2–85–022–CV.

Court of Appeals of Texas, Fort Worth.

April 30, 1986.

T.A. Sneed & Associates, T.A. Sneed, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, John B. Nelson, Frank C. Vecella, Fred D. Wilshusen, Dallas, for appellee.

## OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

In appellees' Motion for Rehearing they contend that this court correctly affirmed the summary judgment concerning the contract cause of action but incorrectly reversed concerning the fraudulent inducement cause of action. Appellees contend that appellant did not assign a point of error regarding the granting of the summary judgment concerning the fraudulent inducement cause of action. We are now convinced that appellees are correct and that our partial reversal was based on unassigned error. *See El Paso Environ. Systems v. Filtronics*, 609 S.W.2d 810, 813 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r. e.). Accordingly, we grant appellees' motion for rehearing. The original opinion and judgment issued March 12, 1986 is withdrawn and the following opinion is substituted therefor.

This is an appeal from an order granting summary judgment in favor of Control Data Corporation, hereinafter CDC, Robert R. Burns, a Vice President of CDC, and Phillip Hartliep, Personnel Manager of CDC, appellees, who were defendants below.

We affirm.

Appellant, an employee of CDC, filed suit alleging wrongful discharge from employment. Appellant, in his brief, alleged that in a letter of August 3, 1981, Phillip Hartliep confirmed appellant's promotion to the status of manager. Appellant also contends that the letter said, "this letter represents the sole agreement between you and Control Data Corporation. *It, including any brochures, provided to you by the personnel department* ... constitutes and

expresses the entire agreement regarding your employment." [Emphasis ours.]

Appellant, in his original petition, alleged that CDC "represented to [him] that his employment would be continuous and terminable by CDC only for just and sufficient cause and only after a series of definite steps towards rehabilitation or salvage of the employee had been taken and failed, including notice of any deficiencies and implementation of a plan to improve any deficient performance." He further alleged that these representations were confirmed by CDC in its handbook entitled "Control Data Corporation Personnel Policies and Procedures." It is apparently appellant's contention that this handbook constituted part of his contract with CDC because it was a "brochure" from the personnel department, as referred to in Phillip Hartliep's letter of August 3, 1981.

Appellant also alleged in his original petition a second cause of action: that CDC fraudulently induced appellant, through the same representations (that he would not be fired without just cause and without steps to rehabilitate him), a) to take a two-year post in Moscow, U.S.S.R., which caused great hardship to appellant in both his personal and professional lives, and b) to decline and refrain from seeking other employment opportunities.

Appellees answered and then filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law. Appellees' motion alleged that 1) the uncontradicted summary judgment evidence established that a necessary element of appellant's cause of action was missing in that appellant had no employment contract with appellees which provided for a definite time for performance and that there was no agreement or understanding, written or oral, regarding the length of his employment; 2) there was no fraudulent inducement because the representations made in the employee handbook concerning limitations on their ability to discharge employees were not a) contractual limitations, b) intended to be implemented as the sole means to terminate employment contracts,

or c) given to appellant in his capacity as an employee but instead were given to him in his capacity as manager; and 3) therefore, no genuine issue of material fact remained.

Appellant filed a response and cross-motion for summary judgment. However, the affidavit containing the applicable employee handbook provisions attached to appellant's motion was defective because it failed to contain a jurat and so was not proper summary judgment evidence. *See First State Bank of San Diego v. County of Duval,* 567 S.W.2d 271, 273 (Tex.Civ. App.—Waco 1978, writ ref'd n.r.e.). Appellees filed a written motion specifying the defects contained within the affidavit the day before the hearing. Subsequent to the judgment, appellant filed an amended affidavit, but the record does not indicate whether this was done with leave of Court.

The trial court sustained appellees' Motion for Summary Judgment. The order granting summary judgment does not state the reasons why it was granted. Although appellant, in his brief, contends that the trial judge, at the hearing, gave a reason for the granting of the summary judgment: that the measure of damages under both Texas and Minnesota law is so indefinite that an appropriate charge to the jury could not be made, this cannot be accepted as fact because 1) the record before us does not support appellant's contention, and 2) appellees have disputed any and all of appellant's assertions of fact.

Appellant assigns three points of error in his brief and an additional three points in his reply brief. They are as follows: 1) that the trial court erred under the applicable choice of law rules of the State of Texas in *failing to apply* Minnesota's substantive law to questions relating to the formation of an employment contract; 2) the trial court erred in *failing to hold* under the applicable Minnesota law that the Control Data Corporation personnel handbook provisions are enforceable as an employment contract; 3) the trial court erred in *failing to hold* under the applicable Minnesota law that the measure of damages for breach of an employment con-

tract for an indefinite term is lost wages from time of contract violation to date of trial; 4) the law of the State of Minnesota was properly before the trial judge in this matter, *considered by the trial judge,* and erroneously interpreted; 5) there is no dispute as to the authenticity of appellee Control Data's personnel policy manual provisions relating to employee performance improvement plans, etc., which were attached to appellant's original petition in this case and those provisions are properly before this court; and 6) contrary to appellees' claim, appellant's deposition and the attached documents indicate that he received appellee's (CDC) handbook before becoming a manager and as a regular employee of the defendant, Control Data Corporation. [Emphasis ours.]

The appellant had two methods of preserving any error of the trial court in granting summary judgment to insure appellate consideration of that error. The Texas Supreme Court has stated that the best method would be a point of error which simply complains, "[t]he trial court erred in granting the motion for summary judgment." *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). Such a point of error would comply with Rule 418 of the Texas Rules of Civil Procedure and would allow appellant to brief all the possible grounds upon which summary judgment should have been denied. *Id.* The alternative method is to list as a separate point of error each ground that the movant failed to prove as a matter of law upon which the trial court might have based its judgment. *Id.*

Once appellees established their right to summary judgment, it was appellant's duty to expressly present to the trial court a reason why summary judgment should not be granted, and then to support his contention with competent summary judgment evidence. *Cf. Klafehn v. Fain,* 643 S.W.2d 227, 228 (Tex.Civ.App.—Fort Worth 1982, writ ref'd n.r.e.). Then, on appeal from the granting of the summary judgment, it was appellant's duty to challenge all possible grounds upon which the summary judg-

ment could have been granted. *See Malooly Brothers,* 461 S.W.2d at 121.

We will liberally construe appellant's points of error as challenging the trial court's granting of the summary judgment concerning the contract cause of action. *See O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex.1976).

The purpose of the summary judgment rule is to provide a procedure for disposing of a case when no genuine issues of fact exist, but rather only questions of law are involved. *McNabb v. Kentucky Central Life Ins. Co.,* 631 S.W.2d 253, 254 (Tex. App.—Fort Worth 1982, no writ); *Clutts v. Southern Methodist University,* 626 S.W.2d 334, 335 (Tex.App.—Tyler 1981, writ ref'd n.r.e.). To establish his right to a summary judgment, the moving party has the burden to demonstrate that no material fact issues exist in the case, and therefore he is entitled to a judgment as a matter of law. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978); *Wooldridge v. Groos Nat. Bank,* 603 S.W.2d 335, 337 (Tex.Civ.App.—Waco 1980, no writ). The question on appeal is not whether the summary judgment proof presented raises material fact issues with regard to the essential elements of a cause of action or defense, but whether the evidence presented to the trial court establishes, as a matter of law, no genuine material fact issue exists as to one or more of the essential elements of plaintiff's cause of action. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 593 (Tex. 1975); *Pack v. City of Fort Worth,* 552 S.W.2d 895, 897 (Tex.Civ.App.—Fort Worth), *writ ref'd n.r.e. per curiam,* 557 S.W.2d 771 (Tex.1977).

Issues not specifically raised before the trial court will not be considered as grounds for reversal. *Central Tex. Decorating v. Mutual Sav. Inst.,* 607 S.W.2d 314, 316 (Tex.Civ.App.—Austin 1980, no writ); *Balboa Ins. Co. v. K & D and Assoc.,* 589 S.W.2d 752, 756 (Tex.Civ.App.— Dallas 1979, writ ref'd n.r.e.). Thus, the appellate court can only consider the material on file with the trial court as of the

time when the judgment is granted. *Dorbandt v. Bailey*, 453 S.W.2d 205, 208 (Tex. Civ.App.—Tyler 1970, writ ref'd n.r.e.); *Fowler v. Texas Employers' Ins. Ass'n*, 237 S.W.2d 373, 374 (Tex.Civ.App.—Fort Worth 1951, writ ref'd).

■ The allegations in appellant's Cross-Motion for Summary Judgment and Opposition to (appellee's) Motion for Summary Judgment and all of his points of error are premised on there being a contractual limitation or representation of a contractual limitation on CDC's ability to fire appellant at will. Appellant admitted in his deposition, which was before the court as competent summary judgment evidence, that no *individual* had made the "representation" to him concerning the procedures to be followed before his firing, so, therefore, the representations he is relying on came from the *CDC handbook*. This was specifically pointed out by appellees in their motion for summary judgment. However, appellant failed to have the handbook properly verified and so made into proper summary judgment evidence as required by rule 166–A of the Texas Rules of Civil Procedure. Appellant contends that the handbook was attached to Appellant's Original Petition and so was before the trial court. This contention is unfounded because unverified documents attached to pleadings may not be considered as evidence in a summary judgment proceeding. *Grierson v. Sreenan*, 560 S.W.2d 423, 426 (Tex.Civ. App.—Beaumont 1977, no writ).

■ Appellant next contends that the handbook was properly before the trial court as summary judgment evidence because, although there was a defect in the affidavit attached to the handbook, the defect was one of form and so, under rule 166–A(e) of the Texas Rules of Civil Procedure this "form" defect cannot be grounds for reversal unless the defect is specifically pointed out by objection of the opposing party. However, the record reflects that appellees had filed objections and exceptions to appellant's original petition and its attachments and specifically pointed out that the handbook was not verified, authenticated, nor certified. Further, the record does not reflect and appellant does not contend, that he asked for a continuance so that he could amend the defects in his affidavit, as allowed by rule 166–A(f) of the Texas Rules of Civil Procedure. Appellant did not move to amend and correct the affidavit until October 5, 1984, over one month after appellee's motion for summary judgment had been granted.

■ Appellant, in his supplemental brief, argues that the trial court permitted the affidavit to be amended and therefore the affidavits contained in the record before us can be considered. Such a procedure is permitted. *See Harang v. Aetna Life Insurance Company*, 400 S.W.2d 810, 815 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.). Appellant further asserts that no written order is necessary because the affidavit was amended in open court, and cites TEX.R.CIV.P. 11. Rule 11 is as follows:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

*Id.* However, it is the burden of the party seeking review to bring before the appellate court a sufficient record to demonstrate error. *Elkins v. Auto Recovery Bureau*, 649 S.W.2d 73, 76 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *Texas Emp. Com'n v. Bell Helicopter Intern.*, 627 S.W.2d 524, 526 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Nothing in the record before us demonstrates that permission to file supplemental affidavit was granted, or that the amended affidavit was considered. No ruling was obtained on appellant's motion for new trial, and thus it was overruled by operation of law, without the judge considering the new affidavit. We therefore cannot consider the amended affidavit, because nothing in the record indicates that it was before the trial court.

Therefore, we hold that the CDC handbook was not properly before the trial court as summary judgment evidence.

With this in mind, we will address appellant's six points of error.

■ In his first point of error, appellant contends that the trial court erred in failing to apply Minnesota's substantive law to questions relating to the formation of the contract. We find that it does not matter whether the trial court applied Minnesota or Texas law because appellant was not entitled to recover under the contract cause of action under either state's law. Appellant could not recover under Texas law because he failed to show the trial court where there was an express agreement or written representations which dealt with procedures for discharge of employees which altered the "at will" status of his employment contract. It is well settled in Texas that, absent any existing contractual limitations, when an employment contract provides for an indefinite term of service, either party may put an end to it at will, with or without cause. *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536, 538 (Tex.App.—Corpus Christi 1982, no writ); *East Line & R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888); *United Serv. Auto. Ass'n v. Tull,* 571 S.W.2d 551 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.).

■ Appellant cannot recover under Minnesota law because, although Minnesota case law states that an employee handbook may make up a part of an employment contract, *see Hoemberg v. Watco Publishers, Inc.,* 343 N.W.2d 676, 678 (Minn.App.1984), appellant failed to bring the employee handbook in this case before the trial court to be considered as proper summary judgment evidence. Therefore, there seemingly was no limitation on appellees' ability to fire appellant at will and without following any procedures he contends are contained in the employee handbook. Also, there is no evidence that anyone represented to appellant that he would not be fired unless the procedures were followed. Appellant's first point of error is overruled.

In appellant's second point of error, he contends that the trial court erred in "failing to hold under the applicable Minnesota law that the CDC personnel handbook provisions are enforceable as an employment contract." For the same reasons that we overruled appellant's first point of error, we overrule appellant's second point of error: the handbook was not made proper summary judgment evidence and so was properly not considered by the trial court.

■ In appellant's third point of error, he contends that the trial court erred in failing to hold "under the applicable Minnesota law" that the measure of damages for breach of an employment contract for an indefinite term is lost wages from time of contract violation to date of trial. We find the trial court's considerations concerning the measure of damages to be irrelevant because appellant failed to show the trial court that he was entitled to recover at all under the contract cause of action. Because appellant failed to put the handbook before the court as summary judgment evidence, the trial court had no choice but to grant appellee's motion for summary judgment concerning the contract.

In his fourth point of error, appellant contends that the law of the state of Minnesota was erroneously interpreted by the trial court in that the trial court "ruled.... that there was no definite standard under either Minnesota law or Texas law which would allow him to appropriately charge a jury with respect to ... damages." Because this point of error is essentially the same as appellant's third point of error, we overrule it for the same reasons.

In appellant's fifth point of error, he contends that there was no dispute as to the authenticity of appellee CDC's personnel policy manual provisions which were attached to appellant's Original Petition and that those provisions are properly before this Court. As we have already addressed why the handbooks were not proper summary judgment evidence, whether "undisputedly authentic" or not, we overrule appellant's fifth point of error.

In appellant's sixth point of error, he contends that he received the handbook before becoming a manager and as a regu-

lar employee of CDC. Because the handbooks were not properly before the trial court, we hold that it is irrelevant in which capacity appellant received them. Appellant's sixth point of error is overruled. The judgment of the trial court is affirmed as to the contract cause of action.

■ We also affirm the granting of the summary judgment concerning the cause of action for fraudulent inducement. Appellant failed to assign error in his brief to the granting of the summary judgment concerning that cause of action. We hold that the judgment must stand because it may have been granted upon a ground not specifically challenged by the appellant and since there was no general assignment that the trial court erred in granting summary judgment. *See Malooly Brothers*, 461 S.W.2d at 121.

The judgment is affirmed.

FENDER, C.J., HOPKINS, J., and HUGHES, J., Retired (Sitting by Assignment), concur.