ACCEPTED
03-14-00801-CV
5596437
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/9/2015 10:18:31 AM
JEFFREY D. KYLE
CLERK

## CASE NO. 03-14-00801-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/9/2015 10:18:31 AM
JEFFREY D. KYLE
CLERK

THE UNIVERSITY OF TEXAS SYSTEM AND THE UNIVERSITY OF TEXAS AT DALLAS
*Appellants*,

v.

KEN PAXTON, ATTORNEY GENERAL OF TEXAS,
*Appellee*,

v.

MARILYN CAMERON,
*Intervenor/Appellee.*

On Appeal from the 261st District Court of Travis County, Texas
The Honorable Stephen Yelenosky, Presiding

## BRIEF OF APPELLEE KEN PAXTON[1], ATTORNEY GENERAL OF TEXAS

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal
Counsel

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

June 9, 2015

KIMBERLY L. FUCHS
State Bar No. 24044140
Chief, Open Records Litigation
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEE KEN PAXTON,
ATTORNEY GENERAL OF TEXAS

---

[1] Pursuant to Texas Rule of Appellate Procedure 7.2, the Attorney General substitutes Attorney General Ken Paxton for former Attorney General Greg Abbott.

**REFERENCE TO THE PARTIES**

Appellants The University of Texas System and The University of Texas at Dallas, will be referred to, collectively, as "the University." Appellee, Ken Paxton, Attorney General of Texas, will be referred to as "the Attorney General," and Appellee Marilyn Cameron will be referred to as "Ms. Cameron."

**REFERENCES TO THE RECORD**

Clerk's record will be referenced as:  C.R. [Page]

# TABLE OF CONTENTS

Reference to the Parties..................................................................................... ii

References to the Record .................................................................................. ii

Table of Contents ........................................................................................... iii

Index of Authorities .........................................................................................v

Statement Regarding Oral Argument ........................................................... vii

Issues Presented ............................................................................................ vii

1.      Did the trial court correctly grant the Attorney General's Motion for
Summary Judgment? ........................................................................ vii

Introduction......................................................................................................1

Statement of Facts............................................................................................2

Standard of Review ..........................................................................................3

Summary of the Argument................................................................................3

Argument..........................................................................................................4

    I.      The trial court correctly granted the attorney general's motion for
summary judgment .............................................................................4

        A.   Common-law privacy does not make the information at issue
confidential ..............................................................................4

        B.   The University failed to meet its burden to create a fact issue
capable of defeating summary judgment...........................................8

        C.   The trial court correctly considered the parties' cross motions for
summary judgment .......................................................................11

Conclusion and Prayer ...................................................................................12

Certificate of Compliance ...............................................................................14

Certificate of Service ......................................................................................15

# INDEX OF AUTHORITIES

**CASES**

*A & T Consultants, Inc. v. Sharp*,
904 S.W.2d 668 (Tex. 1995)............................................................... 3, 8, 9

*Abbott v. Tex. Dep't of Mental Health & Mental Retardation*,
212 S.W.3d 648 (Tex. App.—Austin 2006, no pet.)..................................9

*Adkisson v. Paxton*,
No. 03-12-00535-CV, 2015 WL 1030295, at *10
(Tex. App.—Austin, March 6, 2015, no pet.)........................................10

*Arlington Indep. Sch. Dist. v. Tex. Attorney Gen.*,
37 S.W.3d 152 (Tex. App.—Austin 2001, no pet.)................................7, 9

*Centeq Realty, Inc. v. Siegler*,
899 S.W.2d 195 (Tex. 1995)....................................................................8

*City of Fort Worth v. Cornyn*,
86 S.W.3d 320 (Tex. App.—Austin 2002, no pet.)...................................9

*City of Garland v. Dallas Morning News*,
22 S.W.3d 351 (Tex. 2000)....................................................... 3, 7, 8, 12

*Hubert v. Harte-Hanks Tex. Newspapers, Inc.*,
652 S.W.2d 546 (Tex. App.—Austin 1983, writ ref'd n.r.e.)...............5, 7

*Indus. Found. v. Tex. Indus. Accident Bd.*,
540 S.W.2d 668 (Tex. 1976)....................................................... 4-6, 11

*Johnson v. Sawyer*,
47 F.3d 716 (5th Cir. 1995) .....................................................................6

*Morales v. Ellen*,
840 S.W.2d 519 (Tex. App.—El Paso 1992, writ denied) ........................6

*Star-Telegram, Inc. v. Doe*,
915 S.W.2d 471 (Tex. 1995)....................................................................5

*Thomas v. Cornyn*,
71 S.W.3d 473 (Tex. App.—Austin 2002, no pet.) ....................................................9

*Totman v. Control Data Corp.*,
707 S.W.2d 739 (Tex. App.—Fort Worth 1986, no writ) .........................................8

**STATUTES**

**Tex. Gov't Code**

Public Information Act ch. 502

552.001(a) ....................................................................................................2, 7

552.001(b) ...........................................................................................................7

552.006................................................................................................................8

552.021..............................................................................................................10

552.204................................................................................................................6

552.222(b) ...........................................................................................................6

## STATEMENT REGARDING ORAL ARGUMENT

The Attorney General takes the position that oral argument is not necessary in this case, but requests the right to make an argument should oral argument be granted.

## ISSUES PRESENTED

1.  Did the trial court correctly grant the Attorney General's Motion for Summary Judgment?

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**THE UNIVERSITY OF TEXAS SYSTEM AND THE UNIVERSITY OF TEXAS AT DALLAS**
*Appellants*,

v.

**KEN PAXTON, ATTORNEY GENERAL OF TEXAS,**
*Appellee*,

v.

**MARILYN CAMERON,**
*Intervenor/Appellee.*

On Appeal from the 261st District Court of Travis County, Texas
The Honorable Stephen Yelenosky, Presiding

**BRIEF OF APPELLEE KEN PAXTON,
ATTORNEY GENERAL OF TEXAS**

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

## INTRODUCTION

The Public Information Act (PIA) places the public's interest in obtaining

public information above the interest of a governmental body in denying access to

the information.

> Under the fundamental philosophy of the American constitutional form
> of representative government that adheres to the principle that
> government is the servant and not the master of the people, it is the
> policy of this state that each person is entitled, unless otherwise
> expressly provided by law, at all times to complete information about

the affairs of government and the official acts of public officials and employees.

Tex. Gov't Code § 552.001(a).

In this PIA case, the University claims a list containing the names of participants in a research study is excepted from disclosure under the PIA. Because the University has not shown any exceptions apply to the particular information, this Court should require that it be released to the requestor.

## STATEMENT OF FACTS

In 2011, Ms. Cameron requested information on specific categories of information relating to studies for which the University had received grants from the National Science Foundation. C.R. at 43. The University responded that it did not have documents responsive to some categories of information (C.R. at 49), released some information (C.R. at 4; 49), but requested a letter ruling from the Attorney General on other information, specifically a list of names of people who participated in a research study (C.R. at 45-51; 5). The University argued the list of names was excepted from disclosure by Texas Government Code section 552.101 in conjunction with common-law and constitutional privacy. C.R. at 49-51.

The Attorney General issued Letter Ruling OR2011-17401, which concluded that neither privacy standard applied to the list of names. C.R. at 40-42.

The University filed suit, and Ms. Cameron intervened. C.R. at 3; 13. The Attorney General and the University then filed cross motions for summary judgment.

2

Following a hearing, the Attorney General's motion was granted and the University's motion was denied. C.R. at 84-85.

## STANDARD OF REVIEW

A trial court's determination of whether information requested under the PIA must be released is a question of law requiring *de novo* review. *See A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995)*; see also City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000); *Arlington Indep. Sch. Dist. v. Tex. Attorney Gen.*, 37 S.W.3d 152, 163 (Tex. App.—Austin 2001, no pet.).

## SUMMARY OF THE ARGUMENT

Because information held by the University is presumed to be public information, the University has the burden to prove an exception to disclosure applies to the information in order to withhold it. The University raised Texas Government Code section 552.101 in conjunction with common-law privacy in its motion for summary judgment.[2] However, common-law privacy does not apply to the information at issue, which is simply a list of names of participants in a research study at the University. The trial court granted the Attorney General's motion for summary judgment on this point and denied the University's. The trial court

---

[2] At the trial court level, the University argued that the information is made confidential under the doctrine of constitutional privacy. That issue is not raised here.

appropriately considered the evidence presented and correctly applied the law. The trial court's judgment should be affirmed.

**ARGUMENT**

I.    **THE TRIAL COURT CORRECTLY GRANTED THE ATTORNEY GENERAL'S MOTION FOR SUMMARY JUDGMENT.**

**A. Common-law privacy does not make the information at issue confidential.**

The University claims the information at issue should be withheld pursuant to Texas Government Code section 552.101 in conjunction with common-law privacy. Common-law privacy protects only highly intimate or embarrassing information about one's personal life, the disclosure of which would be highly objectionable to a reasonable person. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). The University did not meet this threshold test.

Over thirty years ago, the Texas Supreme Court set out the test for a claim of common-law privacy in the context of a request for information under the PIA. *See id.* The Court set out four circumstances in which common-law privacy interests are protected. Disclosure of embarrassing private facts under the PIA concerns the second type of interest protected under common-law privacy. It is the test for disclosure of embarrassing private facts that is applied in PIA cases. *Id.* at 682-83. The question here is whether, under the "judicial decision" provision of section 552.101 of the PIA, the common-law right of privacy prohibits the disclosure of the

4

information at issue, the names of participants in a research study. The Texas Supreme Court has determined that this section of the PIA prevents the government from disclosing information if the disclosure would give rise to a tort action for the "invasion of an individual's freedom from the publicizing of his private affairs." *Id.* at 683. The elements of a tort action for disclosure of private facts are: "(1) publicity was given to matters concerning one's personal life, (2) publication would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized is not of legitimate public concern." *Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 474 (Tex. 1995) (citing *Indus. Found.*, 540 S.W.2d at 682).

A list of names of participants in a research project does not meet the test for information protected under common-law privacy. *See Indus. Found.,* 540 S.W.2d at 683. Comparing the information protected in *Industrial Foundation* to this list of names results in only one conclusion: the names of participants are not highly intimate or embarrassing private information under the common-law privacy test. *Id.* (compare to claims of injuries from sexual assault, a claim on behalf of illegitimate children, claim for expenses of pregnancy due to failure of contraceptive device, claims for psychiatric treatment, claims for injuries stemming from attempted suicide); *see also Hubert v. Harte-Hanks Tex. Newspapers, Inc.*, 652 S.W.2d 546, 551 (Tex. App.—Austin 1983, writ ref'd n.r.e.)(distinguishing the "intimate or embarrassing information" in *Industrial Foundation* from the material

sought in *Hubert* (names of candidates for Texas A&M University president)). The Fifth Circuit Court of Appeals has also held that personal information such as age, job title, and street address is not "highly intimate" information under Texas common-law privacy. *Johnson v. Sawyer*, 47 F.3d 716, 732-33 (5th Cir. 1995).

A court must first determine if the University met its burden to establish that the information is highly intimate and embarrassing, as required under *Industrial Foundation*, before the obligation to show a legitimate public concern comes into play.[3] *See Indus. Found.,* 540 S.W.2d at 683; *accord Morales v. Ellen*, 840 S.W.2d 519, 524-25 (Tex. App.—El Paso 1992, writ denied). As discussed above, the University failed to show the list of names is highly intimate or embarrassing. Therefore, because the first prong of the *Industrial Foundation* test was not met, whether the information is of legitimate public concern need not be considered.[4]

---

[3] The requestor's particular interest or purpose is not to be considered. Rather, it is the interest of the public at large that is considered under the second prong of the common-law privacy test. *See Indus. Found.,* 540 S.W.2d at 683. Furthermore, UTD's discussion of the requestor's purpose in seeking the information is inappropriate as section 552.222(b) of the PIA prohibits consideration of the requestor's purpose and under section 552.204, the public information officer is not responsible for the requestor's use of the information. *See* Appellant Br. at 6-7; Tex. Gov't Code §§ 552.204, .222(b).

[4] In fact, the University does not really argue that it has met the standard for the first prong of the *Industrial Foundation* test, but rather that the test itself needs to be expanded. Appellant Br. at 13 ("The development of privacy law in the state of Texas did not end in 1976 with the publication of the Texas Supreme Court's plurality opinion in *Industrial Foundation*. The University urges this Court to remand this case with instructions for the trial court to apply a modern and robust privacy analysis, taking into account all the recent pronouncements from the Texas Supreme Court that bear on this issue."). The University also argues that the case should be remanded for factual development on whether the information is intimate or embarrassing. *Id.* at 11.

Much of the University's argument involves the University's right to academic freedom under the First Amendment. Appellant Br. at 14-17. However, this argument was not made below, and is being raised for the first time on appeal. Therefore, it is improper.

Furthermore, the University urges this Court to consider academic freedom and the potential effect on research outside of the context of *Industrial Foundation*. Appellant Br. at 13-14. None of the cases cited by the University for this proposition are Texas cases, and several address academic freedom in the context of free speech under the First Amendment, which is not before this Court. The University has not pointed to any Supreme Court cases suggesting that *Industrial Foundation* is no longer the proper test for the common-law privacy exception.

The PIA is to be "liberally construed in favor of granting a request for information." Tex. Gov't Code § 552.001(b); *see City of Garland v. Dallas Morning News*, 22 S.W.2d 351, 356 (Tex. 2000); *Arlington Indep. Sch. Dist. v. Tex. Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.). "The practical effect of a statutory directive for liberal construction of an act is that close judgment calls are to be resolved in favor of the stated purpose of the legislation." *Harte-Hanks Tex. Newspapers*, 652 S.W.2d at 552.

Expanding the common-law privacy test is not consistent with the stated purpose of the PIA. *See* Tex. Gov't Code § 552.001(a). The PIA does not authorize

7

withholding or limiting the availability of public information except as expressly provided. Tex. Gov't Code § 552.006.

Although the University asserted Texas Government Code section 552.101 in conjunction with common-law privacy as an exception to disclosure, it failed to meet its burden to show that the common-law privacy doctrine applies to the information at issue. The trial court correctly granted the Attorney General's summary judgment motion and properly denied the University's.

**B. The University failed to meet its burden to create a fact issue capable of defeating summary judgment.**

The purpose of rule 166a is to provide a procedure for disposing of a case when no genuine issues of fact exist, and only questions of law are involved. *Totman v. Control Data Corp.*, 707 S.W.2d 739, 742 (Tex. App.—Fort Worth 1986, no writ). A defendant seeking summary judgment must negate as a matter of law at least one element of each of the plaintiff's theories of recovery, or plead and prove as a matter of law each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

Matters of statutory construction are generally legal issues. *City of Garland*, 22 S.W.3d at 357. In a PIA case, "[t]he questions for each category of information. . . are: Is the information public under [the PIA]? If so, has the constitution, a statute, or a judicial decision expressly declared it confidential? These are questions of law." *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674

8

(Tex. 1995). The PIA's overall purpose supports the conclusion that information is presumed to be subject to disclosure unless an exception to disclosure applies. *Abbott v. Tex. Dep't of Mental Health & Mental Retardation*, 212 S.W.3d 648, 663 (Tex. App.—Austin 2006, no pet.).

Under the PIA, it is the burden of the governmental body to prove that an exception to public disclosure applies to the information at issue. *City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 323 (Tex. App.—Austin 2002, no pet.); *Arlington Indep. Sch. Dist.*, 37 S.W.3d at 157. The party seeking to withhold information has the burden to prove that an exception to public disclosure applies. *Thomas v. Cornyn*, 71 S.W.3d 473, 480-81 (Tex. App.—Austin 2002, no pet.); *Arlington Indep. Sch. Dist.*, 37 S.W.3d at 157.

The University complains that the Attorney General "attached no evidence relating to the terrorism/national security study at issue, and did not delve into the particulars of the study or any evidence regarding what reasonable people might think about being publically identified as being participants in the study. Without engaging with these facts, the motion cannot negate, as a matter of law, the application of confidentiality exception codified in § 552.101." Appellant Br. at 12 (citation omitted). However, this analysis ignores the unique framework of a PIA case.

9

The information is held by the University and is presumed public. It was the University's responsibility, not the Attorney General's, to raise common-law privacy and provide evidence to support its contention. *Adkisson v. Paxton*, No. 03-12-00535-CV, 2015 WL 1030295, at \*10 (Tex. App.—Austin, March 6, 2015, no pet.).

The documents produced at the letter ruling phase and the University's proposal to the National Science Foundation are all part of the record considered by the trial court. C.R. at 43-56;31;58. The information at issue was presented to the trial court for review as well. Although the University suggests the Attorney General needed to produce information about the study and the effects on the participants, this cannot be the case. The Attorney General cannot be required to produce evidence to show information is not excepted from disclosure by common-law privacy. The foundation of PIA law is the presumption that government information is public. Tex. Gov't Code § 552.021. If a governmental body wishes to withhold information, the burden remains with the governmental body to prove that an exception applies.

The information at issue in this case is simply a list containing names of people who participated in a research study. C.R. 31; 58. As argued in the Attorney General's Motion for Summary Judgment, this type of information is not the type of information made confidential by common-law privacy under the standard set forth

in *Industrial Foundation*. *See Indus. Found.*, 540 S.W.2d at 683. As discussed above, the Attorney General has met his burden in showing the type of information at issue in this case is not the type of information made confidential by the *Industrial Foundation* common-law privacy test. The Attorney General met his burden as movant by showing that the University has failed to prove an element of its claim. Once the Attorney General demonstrated the list of names was not confidential under *Industrial Foundation*, the burden shifted back to the University if it wanted to attempt to show the particulars about this study may invoke privacy protections even if, as a general rule, a list of people participating in a research study would not. The University attached information about the study and argued its particular subject matter made it unique, but it could not successfully show the information met the requirements of the *Industrial Foundation* common-law privacy test. The University's request for a remand is essentially a request for a second bite at the apple. This Court should not grant the University a second chance to meet its burden, and the trial court's judgment should be affirmed.

**C. The trial court correctly considered the parties' cross motions for summary judgment.**

The trial court properly considered both parties' motions and correctly granted the Attorney General's motion for summary judgment and denied the University's motion for summary judgment.

11

When parties file cross-motions for summary judgments and the trial court grants one side's motion and denies the other, as was the case here, this Court should review all evidence provided by both parties, determine all questions presented, and determine whether the court erred. *City of Garland,* 22 S.W.2d at 356-57. In addition to Letter Ruling OR2011-17401, the University attached the letter from the requestor (C.R. at 43-44), the University's letter briefs to the Attorney General (C.R. at 45-51), the University's proposal to the National Science Foundation (C.R. at 52-56), including the informed consent form (C.R. at 55-56), and the information at issue, which consists only of lists of names of participants in the research projects (C.R. at 31;58). In addition to the parties' legal arguments, the court is charged with considering all evidence presented.

After evaluating the arguments of the parties and the evidence presented, the trial court determined that Texas Government Code section 552.101 in conjunction with common-law privacy does not make the information at issue confidential. C.R. at 84. The Attorney General's motion for summary judgment was correctly and appropriately granted. Therefore, this court should find the information must be released to the requestor.

## CONCLUSION AND PRAYER

The Attorney General prays that this Court affirm the judgment of the trial court in all respects.

12

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLY STARR
Deputy Attorney General for Legal Counsel

DAVID A. TALBOT, JR.
Chief, Administrative Law Division


 */s/ Kimberly Fuchs*
KIMBERLY FUCHS
State Bar No. 24044140
Chief, Open Records Litigation
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone:  (512) 475-4195
Facsimile:   (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

Attorneys for Appellee Ken Paxton,
Attorney General of Texas

13

## CERTIFICATE OF COMPLIANCE

I certify that the Brief of Appellee Ken Paxton, Attorney General of Texas, submitted complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 2,846. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word 2013.

Date: June 9, 2015

*/s/ Kimberly Fuchs*
KIMBERLY FUCHS
Attorneys for Appellee Ken Paxton,
Attorney General of Texas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellee

Ken Paxton, Attorney General of Texas, has been served on June 9, 2015, on the

following parties and/or counsel-of-record via e-serve and/or email:

H. Melissa Mather
State Bar No. 240102216
Assistant Attorney General
Financial and Tax Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone:    (512) 475-4540
Facsimile:    (512) 477-2348
Melissa.mather@texasattorneygeneral.gov

ATTORNEY FOR APPELLANTS

Marilyn Cameron
18222 Outback Lakes Trail
Humble, Texas 77346
mizcameron@yahoo.com

INTERVENOR, *PRO SE*

*/s/ Kimberly Fuchs*
KIMBERLY FUCHS