# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00596-CV

### The Austin Chronicle Corporation and Jordan Smith[1], Appellants

### v.

### City of Austin, Appellee

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. D-1-GN-08-002657, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Austin Chronicle Corporation and Jordan Smith[1] appeal the district court's denial of their petition for writ of mandamus against appellee the City of Austin (the "City") to compel the release of an Austin Police Department investigative report ("APD report") requested pursuant to the Texas Public Information Act.[2]  Appellants contend the evidence is legally and factually insufficient to support that the APD report is excepted from disclosure under the Act and that they are entitled to their attorney's fees and costs if they prevail on appeal.  For the reasons that follow, we reverse the denial of appellants' petition for writ of mandamus, render judgment that appellants

---

[1]  Jordan Smith is a journalist employed by The Austin Chronicle Corporation, a Texas corporation that publishes a weekly newspaper, *The Austin Chronicle*.  Because their interests align, we refer to them collectively as "appellants" or the *Austin Chronicle* unless otherwise indicated.

[2]  *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004 & Supp. 2008) (the "Act").

are entitled to disclosure of the APD report, and affirm the denial of appellants' request for attorney's fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Frances and Daniel Keller were jointly tried, convicted, and sentenced to forty-eight years' imprisonment for sexual assault of a child.[3] The trial was open to the public, and the State's witnesses included the alleged victim Christina Chaviers, who was five years old at the time of trial; Suzanne Guinn, who was Chaviers's mother; Larry Oliver, who was one of the investigating officers for the APD; and another alleged victim, Brendan Nash, who was six years old at the time of the trial. Chaviers and Nash testified under their own names, and witnesses at the trial provided details of the allegations against the Kellers, including details of the sexual abuse allegations. Oliver testified about the APD's investigation of the Kellers. The APD report was provided to defense counsel during the trial but the report was not admitted into evidence.

This dispute concerns the *Austin Chronicle*'s request to the City in March 2008 for a "[t]rue and complete copy of [the] entire police investigative report created in connection with the investigation into Frances and Daniel Keller of Fran's Daycare (7708 Thomas Springs Road Austin)."[4] In the request, the *Austin Chronicle* identifies the investigation, "the alleged sexual

___

[3] Douglas Perry, a co-defendant, pleaded guilty to the charges against him. Two Travis County deputy constables were implicated in the investigation and charged with sexual assault of a child, but the charges against them were dropped.

[4] The *Austin Chronicle* also made a public information act request to the Travis County Sheriff's Office for its investigative file concerning the Kellers and Fran's Daycare. The Travis County Sheriff's Office provided a copy of its investigative file to the *Austin Chronicle*, and the file is in the record. The file contains alleged victims' names and details of alleged sexual abuse.

2

assault of a child [that] began with the Travis Co. Sheriff's Office in Aug. 1991" and the names of the alleged victim, her mother, and the investigating officer.

The City believed that the APD report was confidential and requested an opinion from the Office of the Attorney General whether disclosure of the APD report was required under the Act. *See* Tex. Gov't Code Ann. § 552.301 (West Supp. 2008). The City enclosed the APD report with its request to the attorney general. The City initially asserted that the APD report was excepted from disclosure under section 552.101 of the Act in conjunction with section 261.201 of the family code,[5] *see id*. § 552.101 (West 2004); Tex. Fam. Code Ann. § 261.201(a), (h) (West Supp. 2008), but later asserted the APD report was excepted from disclosure under section 552.101 in conjunction with the doctrine of common law privacy. The *Austin Chronicle* provided responsive letters to the attorney general that included copies of published articles on the investigation and trial of the Kellers and transcript excerpts from the Kellers' trial. The attorney general issued a letter opinion concluding that the City "must withhold the submitted information [the APD report] in its entirety pursuant to section 552.101 of the Government Code in conjunction with common-law privacy."

The *Austin Chronicle* thereafter filed its original petition for writ of mandamus to compel the City to disclose the APD report. The petition was tried to the district court, and the only

---

[5] Subsection (a) of section 261.201 of the family code deems reports and investigative files of alleged abuse or neglect confidential and not subject to disclosure under the Act, but subsection (h) provides that the confidentiality provision does not apply to "an investigation of child abuse or neglect in a home or facility regulated under Chapter 42, Human Resources Code." *See* Tex. Fam. Code Ann. § 261.201(a), (h) (West Supp. 2008). The attorney general concluded that section 261.201 of the family code was not applicable because Fran's Daycare was regulated under Chapter 42 of the human resources code. *See id.* The City does not contend on appeal that section 261.201 of the family code supports withholding the APD report.

witness to testify was Smith who testified on behalf of the *Austin Chronicle*. Smith testified to her investigation of the Kellers and Fran's Daycare, including her knowledge of the trial in which the Kellers were convicted and her opinion that there was a continuing public interest in the APD report. She testified that the Kellers remained in prison, that they maintained their innocence, and that the charges were dismissed against the Travis County deputies who were implicated in the investigation. The *Austin Chronicle* also offered and the district court admitted into evidence: (1) the letters between the *Austin Chronicle*, the City, and the attorney general concerning the *Austin Chronicle*'s request for the APD report, (2) transcript excerpts from the Kellers' trial including testimony from Chaviers, Guinn, Nash, Oliver, a pyschotherapist, and an emergency physician who examined Chaviers; (3) published articles concerning the investigation and trial of the Kellers and Fran's Daycare; (4) the investigative file from the Travis County Sheriff's Office, and (5) an affidavit from counsel for the *Austin Chronicle* averring to incurred attorney's fees and costs. The City did not call any witnesses or offer any exhibits, but it submitted the APD report to the district court at the hearing for *in camera* inspection.

The district court entered a final judgment denying the petition for writ of mandamus in its entirety. The district court "considered the pleadings, evidence provided for the Court's *in camera* inspection, evidence admitted during the hearing, and arguments of counsel"; found that the City "acted in reasonable reliance upon a written opinion of the Office of the Attorney General"; and denied appellants' request for attorney's fees and costs.

The district court also made findings of fact and conclusions of law. The district court found that the *Austin Chronicle* requested a copy of the APD report, that the City

requested an opinion from the attorney general whether the APD report was excepted from disclosure under the Act, that the *Austin Chronicle* sent comments to the attorney general arguing that the APD report was not confidential and indicating that it knew the identities of at least two of the alleged victims from the trial transcripts, and that the attorney general issued an opinion that the APD report must be withheld pursuant to section 552.101 of the government code in conjunction with common law privacy. The district court also found:

5. The [attorney general] reviewed the APD police report submitted by the City, as well as the comments submitted by the requestor's attorney, before issuing its opinion.

6. The requestor knows the identity of at least two of the victims that the APD report concerns.

7. The APD police report at issue has never been made public.

8. The APD police report at issue was provided to defense counsel for review during the trial of Frances and Daniel Keller.

9. The APD police report contains highly intimate or embarrassing facts relating to alleged sexual assault.

10. The public does not possess a legitimate interest in the requested information beyond what has already been made public.

The district court concluded as a matter of law:

1. The City of Austin acted in reasonable reliance upon a written opinion of the Office of the Attorney General.

2. The [attorney general] was correct in ruling that the requested APD police report must be withheld in its entirety pursuant to Section 552.101 of the Government Code in conjunction with common-law privacy to protect the common-law right of privacy of the victims.

3.      The privacy interests of the victims identified in the APD police report outweigh any interest in the requested information that the public might have.

4.      Withholding only identifying information from the requestor would not preserve the victims' common-law right to privacy.

5.      The exchange of information between the prosecutor and defense attorney is not a voluntary release of information for purposes of the Public Information Act.

This appeal followed.


## ANALYSIS

Appellants raise three issues on appeal. In their first issue, they contend that the evidence is legally and factually insufficient to find that the APD report contains private information. In their second issue, they contend that the evidence is legally and factually insufficient to find that the information contained in the APD report was not of legitimate concern to the public. In their third issue, they contend that, if they prevail on appeal, they are entitled to recover their attorney's fees and costs.

### *Standard of Review*

An action for writ of mandamus filed in the district court is a civil action subject to appeal like any other civil suit. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.l (Tex. 1991); *City of Fort Worth v. Abbott*, 258 S.W.3d 320, 323 (Tex. App.—Austin 2008, no pet.); *see* Tex. Gov't Code Ann. § 552.321 (West 2004) (when governmental body refuses to supply public information, requestor may file suit for writ of mandamus to compel governmental body to make information available to public). We review the trial court's findings of fact and conclusions of law

6

in accordance with the standards generally applicable to a trial court's findings and conclusions. *Anderson*, 806 S.W.2d at 794 n.2; *Simmons v. Kuzmich*, 166 S.W.3d 342, 345-46 (Tex. App.—Fort Worth 2005, no pet.).

We review a trial court's conclusions of law de novo, and we will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *In re Moers*, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Although a trial court's conclusions of law may not be challenged for factual sufficiency, we may review the legal conclusions drawn from the facts to determine whether the conclusions are correct. *BMC Software*, 83 S.W.3d at 794. If we determine that a conclusion of law is erroneous, but that the trial court nevertheless rendered the proper judgment, the error does not require reversal. *Id*.

We review findings of fact for legal and factual sufficiency. *Simmons*, 166 S.W.3d at 346. A legal sufficiency challenge may only be sustained when the record discloses one of the following situations:

> (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (quoting Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362-63 (1960)). In determining whether a finding is supported by legally sufficient evidence, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact-finder

7

could, and disregarding contrary evidence unless a reasonable fact-finder could not. *Id*. at 807. We indulge every reasonable inference that would support the finding. *Id*. at 822. In reviewing the factual sufficiency of the evidence, we consider and weigh all the evidence in the record, including any evidence contrary to the judgment. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We set aside a finding for factual insufficiency "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain*, 709 S.W.2d at 176.

### *APD Report*

In their first issue, appellants contend that the evidence is legally and factually insufficient to support a finding that the information contained in the APD report is confidential information excepted from disclosure under section 552.101 of the Act in conjunction with the common law right of privacy. *See* Tex. Gov't Code Ann. § 552.101.

Determining whether an exception applies under the Act to support withholding public information is a question of law. *Simmons*, 166 S.W.3d at 346; *City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 323 (Tex. App.—Austin 2002, no pet.). A governmental agency withholding documents under an exception bears the burden of proving the exception applies. *Abbott v. Texas Dep't of Mental Health and Mental Retardation*, 212 S.W.3d 648, 655 (Tex. App.—Austin 2006, no pet.); *Thomas v. Cornyn*, 71 S.W.3d 473, 489-90 (Tex. App.—Austin 2002, no pet.).

The City does not dispute that the APD report is "public information" that is subject to disclosure under the Act unless section 552.101 in conjunction with the common law right of privacy applies to except the report from disclosure. *See* Tex. Gov't Code Ann. § 552.002(a)

8

(West 2004) ("public information" defined),[6] .006 (West 2004) ("[The Act] does not authorize the withholding of public information . . . to the public, except as expressly provided by this chapter."). The issue then is whether the City met its burden of establishing that the common law right of privacy in conjunction with section 552.101 of the Act excepted the APD report from disclosure.

Section 552.101 provides that "[i]nformation is excepted [from disclosure] if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." *See id*. § 552.101. Under the common law right of privacy, an individual has the right to be free from the publicizing of the individual's private affairs when the public has no legitimate concern. *See Industrial Found. of the South v. Texas Ind. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976) (citing *Billings v. Atkinson*, 489 S.W.2d 858, 859 (Tex. 1973)). In *Industrial Foundation*, the supreme court explained the relationship between the common law right of privacy and disclosure under the Act:

> [I]f a governmental unit's action in making its records available to the general public would be an invasion of an individual's freedom from the publicizing of his private affairs, then the information in those records should be deemed confidential by

---

[6] Section 552.002(a) provides:

In this chapter, "public information" means information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business:

    (1)    by a governmental body; or

    (2)    for a governmental body and the governmental body owns the information or has a right of access to it.

Tex. Gov't Code Ann. § 552.002(a).

9

judicial decision under [ ] the Act. . . . Webster's Third International Dictionary defines "confidential" as "known only to a limited few: not publicly disseminated: PRIVATE, SECRET." These are precisely the characteristics which information protected by this branch of the tort invasion of privacy must have.

\* \* \*

To summarize: [public information] is excepted from mandatory disclosure under the [Act] as information deemed confidential by law if (1) the information contains highly intimate or embarrassing facts the publication of which would be highly objectionable to a reasonable person, and (2) the information is not of legitimate concern to the public. If the information meets the first test, it will be presumed that the information is not of legitimate public concern unless the requestor can show that, under the particular circumstances of the case, the public has a legitimate interest in the information notwithstanding its private nature.

*Id.* at 683, 685; *see also Texas Comptroller of Pub. Accounts v. Attorney Gen. of Tex.*, 244 S.W.3d 629, 638 (Tex. App.—Austin 2008, pet. filed).[7]

The City contends that the common law right of privacy protects the APD report from disclosure because the report itself—as opposed to the information in the report—has not been made public and it contains "highly intimate and embarrassing facts" "even if the general substance of the police report has been made public through other means."[8] But without evidence that the

---

[7] Texas courts recognize at least three separate types of invasion of privacy: (1) intrusion upon one's seclusion or solitude or into one's private affairs, (2) public disclosure of embarrassing private facts, and (3) wrongful appropriation of one's name or likeness. *See Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994); *Industrial Found. of the South v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682-83 (Tex. 1976) (quoting William L. Prosser, *Privacy*, 48 Cal. L. Rev. 383, 389 (1960)); *Texas Comptroller of Pub. Accounts v. Attorney Gen. of Tex.*, 244 S.W.3d 629, 638 (Tex. App.—Austin 2008, pet. filed). The parties agree that the type of invasion of privacy at issue here is the second type.

[8] The City does not claim an "independent interest in whether the offense report is released or not," but that it has a duty to withhold information that the attorney general deems confidential by law in order to protect the privacy interests of third parties.

10

information in the report is private—not "publicly disseminated"—the information is not protected under the common law right of privacy. *See Industrial Found.*, 540 S.W.2d at 683; *see also Star-Telegram, Inc. v. Walker*, 834 S.W.2d 54, 57 (Tex. 1992) ("Trial proceedings are public information. . . . The law cannot recall information once it is in the public domain."); *Green v. CBS, Inc.*, 286 F.3d 281, 285 (5th Cir. 2002) ("The publication of facts which are matters of public record, no matter how objectionable, does not constitute invasion of privacy."); *Johnson v. Sawyer*, 47 F.3d 716, 732 (5th Cir. 1995) ("Texas clearly has continued to follow the rule that '[o]nce information is part of a public record, there can be no liability for publicizing it.'") (quoting *Gill v. Snow*, 644 S.W.2d 222, 224 (Tex. App.—Fort Worth 1982, no writ)).

The district court found that the APD report "has never been made public" and that it "contains highly intimate or embarrassing facts relating to alleged sexual assault." Although the district court did not find that the information contained in the APD report—as opposed to the report itself—was private, we may presume a finding that the information in the APD report was private if the evidence supports such a finding. *See* Tex. R. Civ. P. 299; *Lindner v. Hill*, 691 S.W.2d 590, 592 (Tex. 1985) ("While the trial court did not specifically address all these elements in its findings of fact, any omitted findings will be deemed to support the judgment if evidence exists to support such findings.").

The City, the only party with access to the APD report, did not call any witnesses or seek to admit any evidence that information in the APD report had not been publicly disclosed. *See Abbott*, 212 S.W.3d at 655 (governmental body bears burden to show exception applies). Instead, the City conceded that the "general substance" of the report already had been made public

11

and did not attempt to produce any evidence that any portions of the APD report were not already a matter of public record.[9] The evidence was undisputed that the identity of the alleged victims and details of the allegations against the Kellers were a matter of public record. Smith testified to her knowledge and investigation of the allegations and the Kellers' trial, the names of the alleged victims, and sources of information available to the public concerning the Kellers, including the transcripts from the Kellers' trial, the investigative file from the Travis County Sheriff's Office, and published articles on the trial and the investigation. Among the items admitted into evidence were trial transcript excerpts, including Oliver's testimony as to the APD's investigation; published articles; and the Travis County Sheriff's Office's file.

The City relies on the attorney general's letter opinion and the district court's conclusion that the APD report should be withheld from disclosure because both the attorney general and the district court inspected the APD report. But, because the APD report is not in the record, it is not evidence to support the district court's judgment. *See Dominguez v. Gilbert*, 48 S.W.3d 789,

---

[9] At oral argument, counsel for the City stated that she did not know if there was information in the APD report that had not been made public. The City contends that it would be "effectively impossible, and indeed not required of a governmental entity subject to the [ ] Act, to determine if each item in a document has been released to the public via other means." What the City failed to do, however, was to present any evidence that, in the face of the *Austin Chronicle*'s evidence, would have enabled a reasonable fact-finder to find that any information in the report had remained private. The Act requires disclosure of requested information unless an exception applies, and a governmental entity has the burden to show that the requested information is excepted from disclosure. *See Industrial Found.*, 540 S.W.2d at 683 (in response to summary judgment, governmental agency provided evidence by affidavit that the requested information contained matters of "extreme privacy," with specific examples of the types of information that the requested information contained); *Abbott v. Texas Dep't of Mental Health and Mental Retardation*, 212 S.W.3d 648, 655 (Tex. App.—Austin 2006, no pet.) (governmental entity bears burden to show exception applies).

794 (Tex. App.—Austin 2001, no pet.) ("We must determine a case on the record as filed.").[10] As to the attorney general's review of the report, the attorney general cited prior attorney general rulings that generally only information which identifies a victim of sexual assault may be withheld under common law privacy but when "identifying information was inextricably intertwined with other releasable information, the governmental body was required to withhold the entire report." Because the *Austin Chronicle* knew the "identity of one of the alleged victims," the attorney general concluded that, "in this instance, withholding only identifying information from the requestor would not preserve this victim's common-law right to privacy." The attorney general, however, failed to address whether the information in the APD report was already a matter of public record. *See Industrial Found.*, 540 S.W.2d at 683. The attorney general's opinion, although entitled to great weight, is not binding on this Court. *See Texas Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 412 (Tex. App.—Austin 1992, no writ). The City also does not dispute that the "general substance" of the information in the APD report "has been made public through other means." The review of the APD report by the district court and the attorney general before reaching their respective decision is not evidence to support that the information in the APD report has not been made public.

On this record, there was "a complete absence of evidence of a vital fact"— that the APD report contained information that was private. *See City of Keller*, 168 S.W.3d at 810. We, therefore, conclude that the evidence was legally insufficient to support that the APD report was

---

[10] Because the *Austin Chronicle* did not have access to the APD report and it was not offered as an exhibit in open court or for *in camera* review, it was the City's burden to produce and preserve it of record for the appeal. *See Dominguez v. Gilbert*, 48 S.W.3d 789, 794-95 (Tex. App.—Austin 2001, no pet.).

excepted from disclosure under section 552.101 of the Act in conjunction with the common law right of privacy. *See id.*; *BMC Software*, 83 S.W.3d at 794. We sustain appellants' first issue.

Having sustained appellants' first issue, we need not reach appellants' second issue that the information in the APD report was not excepted from disclosure because it was a matter of legitimate concern to the public. *See* Tex. R. App. P. 47.1.

### *Attorney's Fees*

In their third issue, appellants contend that, if they prevail, this Court should award them attorney's fees and costs pursuant to section 552.323(a) of the Act. *See* Tex. Gov't Code Ann. § 552.323(a) (West 2004). Appellants contend that section 552.323(a) supports an award of attorney's fees and costs because the evidence is legally and factually insufficient to support the district court's finding that the City acted in "reasonable reliance" on the attorney general's "written decision." *See id.* Appellants contend that the City should not be entitled to rely on a factually and legally incorrect opinion from the attorney general to avoid paying attorney's fees and costs when the attorney general failed to recognize that the names of the alleged victims and the allegations of sexual abuse already had been disclosed in open court, were contained in the public record, and were widely publicized in the media, or the cases holding that publicly disclosed information could not be subject to a claim based on the common law right of privacy.

Section 552.323(a) of the Act provides that a court "shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails" in a suit for writ of mandamus to compel a governmental body to make information available to the public, except that the court "may not assess those costs and fees against a governmental body if the court finds that the

14

governmental body acted in reasonable reliance on . . . a written decision of the attorney general." *Id*. The district court denied appellants' request for attorney's fees and costs, finding that the City "acted in reasonable reliance upon a written opinion of the Office of the Attorney General." The district court also found as a conclusion of law that the "City of Austin acted in reasonable reliance upon a written opinion of the Office of the Attorney General."

The disclosure of confidential information under the Act is a misdemeanor offense, *see id.* § 552.352 (West 2004), and the evidence in the record shows that the City followed the procedures for obtaining a written decision from the attorney general. *See id.* § 552.301. The City timely requested a decision from the attorney general and included the APD report with its request. The *Austin Chronicle* responded to the request and provided the attorney general legal authority for its position, copies of published articles, and transcript excerpts from the Kellers' trial. The attorney general made its decision after it had reviewed the information provided by both the City and the *Austin Chronicle*. This evidence supports that the City "reasonably relied" on the attorney general's opinion. *See BMC Software*, 83 S.W.3d at 794. We conclude that the district court did not err in denying appellants' request for attorney's fees and costs. We overrule appellants' third issue.

## CONCLUSION

Because the City did not carry its burden to establish that the APD report is confidential information excepted from disclosure, appellants are entitled to disclosure of the report. We reverse the district court's denial of appellants' petition for writ of mandamus, render judgment

in appellants' favor that appellants are entitled to disclosure of the APD report, and affirm the district court's denial of appellants' request for attorney's fees and costs.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed in Part; Reversed and Rendered in Part

Filed: February 24, 2009

16